IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DEMARCUS HAQQ, ) | No. C 10-5004 JSW (PR) |
| Plaintiff, ) | **ORDER OF DISMISSAL** |
| v. ) | |
| NATIONAL LODGE MOTEL; HIRAL PATEL, ) | |
| Defendants. ) | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against a motel in Oakland, California, and its front desk clerk. Plaintiff's application to proceed in forma pauperis is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Plaintiff alleges that the front desk clerk of the National Lodge Motel in Oakland, California, have failed to provide correct evidence to the police in connection with crimes charged against Plaintiff in state court.

A private individual or organization, such as the Defendants named here, do not act under color of state law, an essential element of a Section 1983 action. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Private conduct, no matter how wrongful, is not covered under Section 1983. *Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974). There is no right to be free from the infliction of constitutional deprivations by private individuals. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). As the Defendants, a motel and its employee, are not state actors, Plaintiff's claims

against them are not cognizable under Section 1983 and will be dismissed.

**CONCLUSION**

This case is DISMISSED because the complaint fails to state a cognizable claim for relief.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 30, 2010

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DEMARCUS HAQQ,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONAL LODGE MOTEL et al,<br><br>  Defendant. | Case Number: CV10-05004 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Demarcus Haqq
San Quentin State Prison
F43979
San Quentin, CA 94972

Dated: November 30, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk